# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00526-CV

**Truck Insurance Exchange, Appellant**

**v.**

**Mid-Continent Casualty Company, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
### NO. D-1-GN-08-002627, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING

## O P I N I O N

Appellant Truck Insurance Exchange ("Truck") sued Appellee Mid-Continent Casualty Company ("Mid-Continent") seeking reimbursement for settlement and defense costs that Truck paid to defend the parties' mutual insured. After the parties filed cross-motions for summary judgment, the trial court granted judgment in Mid-Continent's favor and awarded Mid-Continent its attorney's fees. On appeal, Truck challenges the trial court's summary judgment in three issues and also asserts that there was no evidence to support the trial court's award of attorney's fees to Mid-Continent. We will affirm the trial court's summary judgment and award of attorney's fees.

## BACKGROUND

Truck and Mid-Continent issued commercial general liability policies to Daneshjou Company Inc. ("DCI"), an architecture and construction firm. DCI entered into an agreement to design and construct a multi-million dollar home in Austin. When disputes arose between DCI and

the property owner, DCI sued the property owner for breach of contract and tortious interference and, in response, the property owner filed counterclaims against DCI for damages related to defective construction by DCI ("construction case"). DCI asked both Truck and Mid-Continent to defend it against these counterclaims under their respective policies. Mid-Continent denied coverage and refused to defend or indemnify DCI because, among other things, it claimed that the acts alleged in the construction case occurred outside its policy coverage period. Truck, however, agreed to defend DCI and spent millions defending DCI through a jury trial on the merits, in which the jury returned a verdict against DCI. In addition to its defense costs, Truck eventually paid $2,000,000 to fund a settlement of the judgment.

After the jury's verdict in the construction case, Mid-Continent filed a diversity suit in federal court against DCI and the property owner, seeking declaratory judgment that it had no duty to indemnify or defend DCI in connection with the construction case ("federal coverage case"). Truck was not a party to Mid-Continent's federal case, nor did DCI join Truck to the federal case. DCI sought to have the case dismissed based on Truck's absence, but the federal court denied DCI's motion because it determined Truck was not a necessary party under federal rules of civil procedure. The federal district court then granted summary judgment for Mid-Continent, finding that Mid-Continent had no duty to defend or indemnify DCI in the construction case because the damages in that case occurred outside Mid-Continent's coverage period ("federal coverage decision"). The Fifth Circuit affirmed and the Supreme Court denied certiorari.

While the federal coverage case was pending, Truck filed this case (1) requesting declaratory judgment that Mid-Continent owed DCI a duty to defend and indemnify in connection

2

with the construction suit and (2) seeking reimbursement for defense and settlement costs that it had spent in the construction case under claims for contribution, subrogation, and breach of contract. After the federal coverage decision issued, the parties filed cross-motions for summary judgment. Truck asserted that, based on the terms of Mid-Continent's policy with DCI, Truck was entitled to summary judgment on the issue of Mid-Continent's duty to indemnify and defend DCI. Mid-Continent asserted that it was entitled to summary judgment on Truck's contribution claims (1) because co-insurers whose policies include "other insurance" clauses[1] may not bring suit for contribution against co-insurers or, alternatively, (2) because no common obligation existed between Truck and Mid-Continent after the federal coverage decision. Mid-Continent asserted that it was entitled to summary judgment on Truck's subrogation and breach of contract claims because (1) DCI, in whose "shoes" Truck stood as subrogee to DCI, had no claims against Mid-Continent after the federal coverage decision or, alternatively, (2) DCI had been fully defended and indemnified in connection with the underlying construction case. The district court granted summary judgment in favor of Mid-Continent on all Truck's claims without specifying its grounds and, pursuant to a later motion, awarded attorney's fees to Mid-Continent. Truck appeals.

## DISCUSSION

In its first three issues, Truck argues that the trial court's grant of summary judgment in favor of Mid-Continent was in error because (1) Truck is not bound by the federal court decision

---

[1] "Other insurance" clauses provide that if the insured has other insurance covering the same expense, the insurer is not liable for any greater proportion of the loss than the coverage amount in its policy bears to the entire amount of the insurance coverage available. *Mid-Continent Ins. Co. v. Liberty Mut. Ins. Co.*, 236 S.W.3d 765, 772 (Tex. 2007).

regarding Mid-Continent's duty to indemnify and defend; (2) the supreme court's decision in *Mid-Continent Insurance Co. v. Liberty Mutual Insurance Co.*, 236 S.W.3d 765 (Tex. 2007), does not apply to this case because Mid-Continent breached its duty to defend its insured; and (3) Mid-Continent owes its insured a duty to defend under the eight corners rules.

### Standard of Review

We review summary judgments de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When, as here, both parties move for summary judgment and the trial court grants one motion and denies the other, we review the summary-judgment evidence presented by both sides and determine all questions presented and render the judgment the trial court should have rendered. *Canyon Reg'l Water Auth. v. Guadalupe-Blanco River Auth.*, 258 S.W.3d 613, 616 (Tex. 2008); *State Farm Lloyds v. Geeslin*, 267 S.W.3d 438, 442 (Tex. App.—Austin 2008, no pet.). When a trial court's order granting summary judgment does not specify the grounds relied upon, we must affirm the order if any of the summary-judgment grounds are meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

### Preclusive Effect of the Federal Coverage Decision

Truck's first issue on appeal addresses the preclusive effect of the federal coverage decision. Mid-Continent argued in its motion for summary judgment that the federal coverage decision precluded Truck's claims in the present case because each of Truck's claims depended on a finding that Mid-Continent owed DCI a duty to defend or indemnify it in the construction case and that the federal coverage decision had already determined that Mid-Continent owed DCI no such

4

duty. Truck does not dispute that the federal coverage decision is binding on Mid-Continent and DCI or that success on its claims here depends on a finding contrary to the federal coverage decision. Truck contends, however, that it is not bound by the federal coverage decision because it was not a party, or in privity with a party, to that case.

To determine whether a federal judgment in a diversity case binds a non-party in subsequent litigation, we look to the law of the state in which the federal court sits. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001); *see also Taylor v. Sturgell*, 553 U.S. 880, 128 S.Ct. 2161, 2171 n.4 (2008) (citing *Semtek*) ("For judgments in diversity cases, federal law incorporates the rules of preclusion applied by the State in which the rendering court sits.").[2] The federal coverage decision resulted from a diversity action and was rendered in Texas; accordingly, we apply Texas res judicata law to determine the preclusive effect of the federal coverage decision.[3]

"[R]es judicata is the generic term for a group of related concepts concerning the conclusive effects given final judgments." *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992). There are two principal categories within this doctrine: claim preclusion and issue preclusion. *Id.* Claim preclusion—also referred to generally as "res judicata"—prevents the

---

[2] Because the pinpoint cite to volume 553 of the United States Reports is not available, we provide a parallel cite to the Supreme Court Reporter.

[3] Since *Semtek* was decided, the Texas Supreme Court has held that federal law determines the preclusive effect of a federal judgment in Texas. *See, e.g.*, *John G. and Marie Stella Kenedy Mem'l Found. v. Dewhurst*, 90 S.W.3d 268, 287 (Tex. 2002) (citing *Eagle Props., Ltd. v. Scharbauer*, 807 S.W.2d 714, 718 (Tex. 1990). However, the Texas Supreme Court has not addressed *Semtek* or *Taylor* directly and, absent indication to the contrary, we conclude that *Semtek* and *Taylor* control here. We note that two of our sister courts agree. *See Heartland Holdings, Inc. v. U.S. Trust Co. of Tex. N.A.*, No. 14-08-00232-CV, 2010 WL 1373790, at *6 (Tex. App.—Houston [14th Dist.] April 8, 2010, no pet.); *Madera Prod. Co. v. Atlantic Richfield Co.*, 107 S.W.3d 652, 661 (Tex. App.—Texarkana 2003, pet. denied in part, pet. dism'd in part).

relitigation of a claim or cause of action that has been finally adjudicated and "requires proof of the following elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of the parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *Amstadt v. United States Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). Truck does not dispute the first and third of these elements, but contests the second. Truck was not a party to the federal coverage decision, thus we must determine whether Truck is in privity with DCI as to the claims determined by the federal coverage decision.

A person can be in privity with a party to a previous judgment in at least three ways: (1) by controlling the action that resulted in the judgment without being a party to it; (2) by having its interests represented by a party to the action; or (3) by acting as a successor in interest to a party to the prior action. *Amstadt*, 919 S.W.2d at 653 (citing *Getty Oil Co. v. Insurance Co. of N. Am.*, 845 S.W.2d 794, 800 (Tex. 1992); *see also Taylor*, 128 S.Ct. at 2172-73 (recognizing at least six exceptions to non-party preclusion rule, including pre-existing "substantive legal relationship[s] with the party to the previous judgment"). But as the Texas Supreme Court has noted, "[t]here is no general definition of privity that can be automatically applied in all res judicata cases; the circumstances of each case must be examined. *Getty Oil*, 845 S.W.2d at 800. Therefore, in reviewing the record to determine if privity exists, we are not bound by these three categories, but rather use the categories to guide our analysis here.

An analysis to determine whether a person is in privity with a party to a prior judgment begins by examining the interests the parties shared. *Amstadt*, 919 S.W.2d at 653. Privity

6

exists if the parties share an identity of interests in the basic legal right that is the subject of litigation. *Id.* The subject of both the federal coverage case and the present case is DCI's liability policy with Mid-Continent and, more specifically, whether Mid-Continent owed a duty under that policy to defend and indemnify DCI in connection with the construction case—or from DCI's perspective, whether DCI was entitled to defense and indemnification from Mid-Continent in the construction case. The only substantive difference between the two cases is that Truck, rather than DCI, is asserting DCI's rights in the present case.

A review of Truck's claims in the present case reveals the identity of interests shared by DCI and Truck regarding DCI's rights under the Mid-Continent policy. Truck's claim for declaratory judgment seeks a finding that Mid-Continent owed DCI a duty to defend DCI in the construction case. Truck's claim for subrogation asserts that Truck, as subrogee to the DCI's rights, is entitled to damages from Mid-Continent for Mid-Continent's failure to defend and indemnify DCI in the construction case. Truck's claim for breach of contract, which it also asserts as subrogee to DCI, alleges that Mid-Continent breached its duty to defend and indemnify DCI under its policy with DCI. Finally, Truck asserts that it is entitled to contribution from Mid-Continent based on Mid-Continent's "proportionate responsibility for DCI's . . . costs of defense and indemnity in the [construction case]." The common thread in these claims is DCI's right to coverage under the Mid-Continent policy. That thread exists because all Truck's claims derive from DCI's rights under the Mid-Continent contract.

Because all Truck's claims against Mid-Continent derive entirely from DCI and, as a result depend upon DCI's right to coverage under its policy with Mid-Continent, Truck's interest

7

in the policy is the same as DCI's. Thus, Truck is in privity with DCI as to DCI's rights under the Mid-Continent policy. A person whose rights derive through or from a party to a previous action determining those rights, is in privity with the party through whom its rights are derived. *Amstadt*, 919 S.W.2d at 653. Truck is not asserting its own claims or suggesting that it has any independent right to recovery against Mid-Continent. Truck is simply asserting DCI's rights that it acquired from or through DCI—Truck's claims are simply reanimations of DCI's claims from the federal coverage decision.[4] Therefore, we hold that Truck is in privity with DCI as to the federal coverage decision. *See Id*. (holding prior judgment preclusive against plaintiffs because plaintiffs derived their claims from party to prior suit); *Lemon v. Spann*, 633 S.W.2d 568, 570-71 (Tex. App.—Texarkana 1982, writ ref'd n.r.e.) (holding that plaintiff's suit was barred because his claims depended on establishing liability against party previously found not liable).

Truck argues that it is not in privity with DCI because DCI did not represent Truck in the federal case and because Truck could not "control the Federal Coverage Suit." But, as discussed here, adequate representation and control over the underlying suit are not the only considerations in establishing privity. *See, e.g.*, *Amstadt*, 919 S.W.2d at 653. Privity also exists when, as we hold here, a person's claims are derived from a party to the prior judgment.

---

[4] Although a claim for contribution is considered a direct claim, rather than a derivative claim, it exists only to the extent that the other insurer "share[s] a common obligation" with the insurer seeking contribution. *Mid-Continent*, 236 S.W.3d at 772. Thus, Truck's right to contribution exists here only if Mid-Continent is equally obligated to defend and indemnify DCI. It is in that sense that we characterize Truck's right to contribution as deriving from DCI's rights under the Mid-Continent policy.

8

Furthermore, to the extent that Truck asserts that *its* interest was not adequately represented, we must reiterate that Truck possessed no interest separate and apart from DCI.

Truck also argues that *Dairyland County Mutual Insurance Co. of Texas v. Childress*, 650 S.W.2d 770 (Tex. 1983), is dispositive of the privity issue here. *Dairyland*, however, involved the right of an injured third party—i.e., a third-party beneficiary—to bring suit against an insurer who had obtained an agreed judgment against its insured, the tortfeasor, that it was not liable under its policy with the insured. *Dairyland*, 650 S.W.2d at 774. It did not address the right of a potential co-insurer to relitigate, through claims derived from its insured, its insured's fully adjudicated rights to coverage under a policy with another insurer. Accordingly, *Dairyland* does not preclude our holding that Truck is in privity with DCI.

Finally, Truck asserts that Mid-Continent is judicially estopped from contending that the federal coverage decision bars Truck's claims in any way. Truck bases this contention on Mid-Continent's counsel's statement to the federal court that the federal coverage decision would "likely not result in prejudice or impairment of [Truck]'s rights to pursue its claim against Mid-Continent." We look to federal law to determine whether Mid-Continent is judicially estopped by its counsel's statement.[5] *See Heartland Holdings*, 2010 WL 1373790, at *6 n.9. Under federal law, judicial estoppel precludes a party from asserting a position in a legal proceeding that is inconsistent with

---

[5] We note, as does the court in *Heartland Holdings*, the circular reasoning that exists in this area of the law. Texas courts look to the law governing the previous proceeding when considering a judicial estoppel claim, *see Dallas Sales Co. v. Carlisle Silver Co.*, 134 S.W.3d 928, 931 (Tex. App.—Waco 2004, pet. denied), while federal courts generally apply the law governing the subsequent proceeding, *see Rissetto v. Plumbers and Steamfitters Local 343*, 94 F.3d 597, 602-04 (9th Cir. 1996).

9

a claim taken by that party in the same or a prior litigation. *Pegram v. Herdrich*, 530 U.S. 211, 228 n.8 (2000).

Mid-Continent's counsel's statement was not, strictly speaking, a position; it was an opinion by Mid-Continent's counsel on the possible effect of the ruling. Nonetheless, assuming it was a position, the word "likely" clearly indicates the possibility that the judgment could affect Truck's rights. Logically, if a party leaves open the possibility that the judgment could affect Truck's rights, it is not inconsistent for that party to assert later that the judgment did, in fact, affect those rights. *See Black's Law Dictionary* 834 (9th ed. 2009) (defining inconsistent as "not compatible with another fact or claim"). We conclude that Mid-Continent's counsel's statement to the federal court was not inconsistent with its position in this case.[6] Accordingly, we hold that Mid-Continent is not judicially estopped from asserting that the federal coverage decision bars Truck's claims.

Because we hold that Truck is in privity with DCI as to the federal coverage decision, Truck is precluded from relitigating the issues decided by that decision. Further, because each of Truck's claims in the present case requires a finding that Mid-Continent owed DCI a duty, which would require relitigating the federal coverage decision, that decision disproves an essential element of each of Truck's claims here. Therefore, Mid-Continent is entitled to summary judgment.

---

[6] We are likewise not persuaded by Truck's argument that the federal coverage decision expressly incorporates Mid-Continent's statements regarding the possible effects on Truck in its ruling. Our review of the federal coverage decision reveals no language limiting its effect.

***Truck's Contribution Claim***

Truck's second issue on appeal addresses whether the Texas Supreme Court's decision in *Mid-Continent*, 236 S.W.3d 765, would apply to the facts of this case because Mid-Continent breached its duty to defend DCI. Having already determined that Mid-Continent was entitled to summary judgment based on the preclusive effect of the federal coverage decision, we need not address Truck's second issue. *See FM Props.*, 22 S.W.3d at 872-73 ("When a trial court's order granting summary judgment does not specify the grounds relied upon, the reviewing court must affirm summary judgment if any of the summary judgment grounds are meritorious."). However, because *Mid-Continent* directly addresses an insurer's ability to bring a direct action for reimbursement under a right of contribution from a putative co-insurer, provides an additional basis for summary judgment in favor of Mid-Continent in the present case, *see Mid-Continent*, 236 S.W.3d at 772-74, and because our determination that Truck is barred from relitigating the federal coverage decision depends on our analysis that Truck's claim for contribution derives, for privity purposes, entirely from DCI's contractual rights against Mid-Continent, we will address *Mid-Continent*'s application to this case.

In *Mid-Continent*, two primary liability carriers, Liberty Mutual and Mid-Continent, provided $1,000,000 each in liability coverage for a claim against their common insured. *Id.* at 769. Both insurance policies had an "other insurance" clause, which limits the insurers liability in the event other insurance covers the same loss. *Id.* The two insurers cooperatively provided a defense for the insured, but differed in their opinions regarding the settlement value of the case. *Id.* at 770. Liberty Mutual, who also carried excess coverage for the insured, agreed to settle the case for

$1,500,000 and demanded that Mid-Continent pay half that amount. *Id.* Mid-Continent, however, having determined that the case was only worth $300,000, contributed only $150,000 toward settlement. *Id.* Liberty Mutual paid the balance of the settlement and then sued Mid-Continent to recover the amount it had paid over its pro rata share, asserting claims for contribution and subrogation. *Id.*

The Texas Supreme Court rejected Liberty Mutual's contribution claim, citing its earlier decision in *Traders & General Insurance Co. v. Hicks Rubber Co.*, 169 S.W.2d 142 (Tex. 1943), which held that the existence of an "other insurance" clause in the policy precludes a claim for contribution asserted by one co-insurer against another. The court stated:

> The effect of the ["other insurance"] clause precludes a direct claim for contribution among insurers because the clause makes the contracts several and independent of each other. With independent contractual obligations, the co-insurers do not meet the common obligation requirement of a contribution claim—each co-insurer contractually agreed with the insured to pay only its pro rata share of a covered loss; the co-insurers did not contractually agree to pay each other's pro rata share.

*Mid-Continent*, 236 S.W.3d at 772 (citations omitted) (citing *Hicks Rubber*, 169 S.W.2d at 147, and *Employers Cas. Co. v. Transport Ins. Co.*, 444 S.W.2d 606, 609 (Tex. 1969)). Thus, the supreme court held that when co-primary insurance policies contain "other insurance" clauses, "a co-insurer paying more than its proportionate share cannot recover the excess from the other co-insurers" through contribution. *Id.* (quoting *Hicks Rubber*, 169 S.W.2d at 148). Just as in *Mid-Continent*, the policies at issue here contain "other insurance" clauses, and Truck paid more than its proportionate share. Thus, applying the holdings in *Mid-Continent*, *Employers*, and *Hicks Rubber* to the facts in this case, Truck has no direct right of contribution against Mid-Continent.

12

Truck argues that *Mid-Continent* should be distinguished because both co-insurers in *Mid-Continent* defended the insured, unlike here where only Truck provided a defense. Based on that distinction, Truck asserts that *Mid-Continent* does not preclude a contribution claim against a co-insurer that breaches its duty to defend. We are not persuaded by this argument. First, the supreme court's holding was that, in the absence of a contractual agreement between the insurers to be obligated for the proportional amount, the presence of "other insurance" clauses in the policies precludes an equitable contribution claim. *Id.* at 773. Second, and crucial to the facts here, in both of the cases on which *Mid-Continent* relied, the non-paying co-insurer had breached its duty to defend the insured. *See Employers*, 444 S.W.2d at 607; *Hicks Rubber*, 169 S.W.2d at 591.

Truck also asserts that *Mid-Continent* does not apply to claims for contribution of defense costs, relying, among other sources, on the Fifth Circuit's recent opinion in *Trinity Universal Insurance Co. v. Employers Mutual Casualty Co.*, 592 F.3d 687 (5th Cir. 201.). In *Trinity*, the Fifth Circuit found that "*Mid-Continent* left open the . . . question of whether a co-insurer that pays more than its share of *defense costs* may recover such costs from a co-insurer who violates its duty to defend a common insured." *Trinity*, 592 F.3d at 694. The Fifth Circuit then went on to hold that "other insurance" clauses apply only to the duty to indemnify, not the duty to defend, therefore a co-insurer who can prove the elements of contribution—common obligation and overpayment by one co-insurer—is entitled to seek contribution for its defense costs. *Id.* at 695 (citing *Texas Prop. & Cas. Ins. Guar. Ass'n v. Southwest Aggregates, Inc.*, 982 S.W.2d 600, 606 (Tex. App.—Austin 1998,

13

no pet.), for our holding that the policy "obligates the insurer *to defend* its insured, not to provide a pro rata defense."[7]).

We disagree with Truck's argument and the Fifth Circuit's analysis of *Mid-Continent*. Although the co-insurer in *Mid-Continent* sought reimbursement for only settlement costs, the supreme court relied on *Employers* and *Hicks Rubber*, two cases that involved a co-insurer subject to an "other insurance" clause seeking contribution for defense costs. *Mid-Continent*, 236 S.W.3d at 772; *see Employers*, 444 S.W.2d at 607 ("[T]he claim here is for a pro rata part of the sums paid in settlement of the suit against the insured and as expenses in defending the suit."); *Hicks Rubber*, 169 S.W.2d at 597 ("When [one insurer] refused to further assist in the defense of the . . . suit, [the other co-insurer] shouldered the entire burden, including the appeals . . . . In so doing it paid out more than two-thirds of the costs and expenses incurred."). Both *Employers* and *Hicks Rubber* held that the existence of an "other insurance" clause precludes a contribution claim for defense costs. Based on these Texas Supreme Court precedents, Truck's contribution claim for defense costs against Mid-Continent is barred as a matter of law.

Having determined that the federal coverage decision precludes Truck from bringing its claims for subrogation and contribution, and also having determined that, under *Mid-Continent*, Truck is barred as a matter of law from seeking contribution from Mid-Continent, we need not address Truck's third issue that Mid-Continent owed DCI a duty to defend and indemnify.

---

[7] *Southwest Aggregates* addressed the question of whether an insurance company's duty to defend its insured could be reduced because the claims at issue fell partially outside the coverage period—i.e., is each insurer's duty to defend determined by the ratio of that insurer's "time on the risk"—we held that it was not. *Southwest Aggregates*, 982 S.W.2d at 604, 607. We did not address the "other insurance" clauses.

14

## ATTORNEY'S FEES

In its remaining issue, Truck asserts that the trial court abused its discretion in awarding attorney's fees because there is no evidence that the fees awarded were reasonable, necessary, equitable, and just. In a proceeding under the Uniform Declaratory Judgments Act ("UDJA"), a court may award "reasonable and necessary attorney's fees as are equitable and just." Tex. Civ. Prac. & Rem.Code Ann. § 37.009 (West 2008). Whether an award of attorney's fees is reasonable and necessary is a fact question. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). A trial court's award of attorney's fees under the UDJA is reviewed for an abuse of discretion. *Id.* at 20-21. A trial court abuses its discretion by awarding fees when there is insufficient evidence that the fees were reasonable and necessary, or when the award is inequitable or unjust *Id*. at 21.

As evidence in support of its motion for attorney's fees, Mid-Continent attached affidavits from its current and former counsel stating (1) the number of years the attorney had been licensed, (2) that the attorney represented Mid-Continent in the case, (3) the dates of that representation, and (4) the amount of fees and expenses the attorney billed Mid-Continent in this case ($224,116.55 and $54,409.24 respectively). In addition, both affidavits state as follows:

> Based upon the knowledge and experience of the lawyers involved, the complexity of the issues involved in the case, the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal services rendered, these fees and expenses incurred by Mid-Continent were reasonable and necessary.

The trial court's order granting Mid-Continent's motion for attorney's fees indicates that the trial court considered these affidavits, which were attached to Mid-Continent's motion, in rendering its

15

decision.  Truck contends on appeal that these affidavits contain no basis for fact-finding and are nothing more than unsupported conclusions about reasonableness.

Although these affidavits do not address each of the factors set forth in *Arthur Andersen & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812, 818 (Tex. 1997), the affidavits were uncontradicted.  *See Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990).  "Testimony from a party's attorney about a party's attorneys' fees is taken as true as a matter of law if the testimony 'is not contradicted by any other witness and is clear, positive, direct, and free from contradiction.'"  *In re A.B.P.*, 291 S.W.3d 91, 98 (Tex. App.—Dallas 2009, no pet.) (citation omitted).  "This is especially true where the opposing party had the means and opportunity to disprove the testimony but failed to do so."  *Id.*  Truck did not submit controverting evidence.  Further, Truck's counsel conceded that they were not contesting the hourly rate charged to Mid-Continent because those hourly rates were reasonable.

We also note that because the issue of attorney's fees was submitted to the trial court, the court could look at the entire record, the evidence presented on reasonableness, the amount in controversy, the common knowledge of the participants as lawyers and judges, and the relative success of the parties.  *See id.*  Having granted summary judgment here, the trial court was aware of the dispute and the success of the parties.  Moreover, we can presume that the trial court took judicial notice of the usual and customary attorney's fees for the services provided.  *See First Nat'l Acceptance Co. v. Bishop*, 187 S.W.3d 710, 717 (Tex. App.—Corpus Christi 2006, no pet.).  Finally, it was within the trial court's discretion to award an amount different from the amounts incurred as stated in Mid-Continent's affidavits.  *See Chase Home Fin., L.L.C. v. Cal W. Reconveyance Corp.*,

16

309 S.W.3d 619, 634 n.11 (Tex. App.—Houston [14th Dist.] 2010, no pet. h.). Accordingly, we conclude that Mid-Continent's affidavits were legally and factually sufficient to support the trial court's award of $136,532.78 as attorney's fees to Mid-Continent. *See Texas Commerce Bank, Nat'l Ass'n v. New*, 3 S.W.3d 515, 517-18 (Tex. 1999).[8] We overrule Truck's fourth issue.

## CONCLUSION

Because the federal coverage decision precludes Truck from relitigating the question of whether Mid-Continent owed DCI a duty to defend and indemnify and because Truck has no direct right of contribution from Mid-Continent, we affirm the trial court's summary judgment in favor of Mid-Continent. Having overruled Truck's issue regarding attorney's fees, we also affirm the trial court's award of attorney's fees to Mid-Continent.

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Pemberton;
  Concurrence by Justice Pemberton

Affirmed

Filed: August 27, 2010

---

[8] Mid-Continent also presented detailed billing statements from its attorneys for *in camera* review by the trial court at the hearing on its motion for attorney's fees. Truck argues that because those billing statements were not admitted in evidence, they are not properly part of the appellate record. However, because we hold that Mid-Continent's affidavits alone are sufficient to support the trial court's award, we need not address whether those statements were properly in the record.