# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00014-CV
## NO. 03-12-00015-CV

**Lawrence Black, Appellant**

**v.**

**7-Eleven Convenience Stores, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-10-011090, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Lawrence Black appeals from the trial court's order dismissing his case against 7-Eleven Convenience Stores for claims related to the towing of a truck from a 7-Eleven store's parking lot.[1] In addition, he challenges the trial judge's failure to recuse himself or refer the recusal matter to the presiding judge before the hearing on 7-Eleven's motion to dismiss, as well as a later order denying his motions to recuse both the trial judge and another judge. Because we find that Black's claim below was properly dismissed, we will affirm the trial court's order.

---

[1] We refer to the appellee as 7-Eleven Convenience Stores based on Black's styling of the case. No appellee's brief has been filed. We note that in the trial court proceedings, which were styled "Lawrence Black, Jr., Plaintiff, v. Franklin Service Stations DBA J&J Towing & 7-Eleven Convenience Stores, Defendant," EB Sparrow LLC identified itself as the franchise holder of the defendant 7-Eleven Convenience Store.

## BACKGROUND

This case began in October 2010 when the truck Black was driving broke down.[2] He pushed the truck into the 7-Eleven store's parking lot. He was not able to restart the truck. Black asked a woman who appeared to be the store manager not to tow the truck and told her he would have it towed or repaired as soon as he could. The woman nodded, which Black took as consent to leave the truck. 7-Eleven had the truck towed about five days later.

After the truck had been towed, Althea Zuniga, Black's fiancée and the registered owner of the truck, filed a claim in justice court against 7-Eleven and the towing company for unlawful towing and storage ("Zuniga's case"). The justice court ruled in Zuniga's favor on November 8, 2010. 7-Eleven and the towing company appealed to county court at law, which signed a judgment in their favor on December 9, 2010. The county court held that probable cause existed for the truck to be towed and stored and that Zuniga was not entitled to recovery of her vehicle without paying the costs of removal and storage. Zuniga filed a number of post-judgment motions, including a motion for new trial. The county court denied the motion for new trial by written order on January 25, 2011. On January 31, 2011, Zuniga filed a motion to join Black as plaintiff, and Black filed a petition in intervention and affidavit of indigence. 7-Eleven and the towing company did not seek to strike Black's intervention attempt, but in their contest to Black's affidavit of indigence, they asserted in part that "Lawrence Black is not a party to the above-referenced lawsuit." The county court overruled the contest to Black's affidavit without addressing whether Black

---

[2] The facts recited herein are taken from the parties' pleadings and our prior opinion in *Black v. Franklin Serv. Stations, Inc.*, No. 03-11-00069-CV, 2011 WL 4507335, at *1-2 (Tex. App.—Austin Sept. 30, 2011, pet. denied) (mem. op.) ("*Black I*").

2

should be allowed to intervene as a party. On February 7, 2011, Black filed a notice of appeal for the December 9, 2010 judgment in Zuniga's case. Zuniga did not appeal. This Court heard Black's appeal and dismissed it for want of jurisdiction, finding that Black lacked standing because he failed to intervene before the trial court rendered its final judgment. *See Black v. Franklin Serv. Stations, Inc.*, No. 03-11-00069-CV, 2011 WL 4507335, at *1-2 (Tex. App.—Austin Sept. 30, 2011, pet. denied) (mem. op.) ("*Black I*").

Black filed his own case, which is the subject of this appeal, on November 10, 2010—after the justice court issued its ruling in Zuniga's case, but before 7-Eleven and the towing company had appealed to county court on November 15, 2010. Black alleged in his petition that 7-Eleven caused a truck operated by Black to be towed from its parking lot in October 2010 without Black's consent after he had received permission to leave it there. Black also alleged that he and Zuniga were the owners of the truck, asserting that he owned a vested interest in the truck, while acknowledging that she was the truck's registered owner. Black further alleged that the towing company had refused to release the truck, despite the justice court's order, and also continued to assess storage charges for the truck. Black sought to recover the truck and damages.

On January 6, 2011, 7-Eleven filed a motion to dismiss Black's petition, asserting that collateral estoppel barred his claims. On March 14, 2011, less than ten days before the March 22, 2011 hearing on 7-Eleven's motion, Black filed an unverified motion to recuse the Honorable J. David Phillips, Judge of the County Court at Law No. 1 of Travis County, and an unverified motion to recuse the Honorable Eric Shepperd, Judge of the County Court at Law No. 2 of Travis County. Two days later, on March 16, 2011, Black filed verified versions of both recusal

motions. At the beginning of the March 22 hearing on 7-Eleven's motion and on Black's motion to compel discovery, when the court began to take up those motions, Black's counsel stated that he did not wish to waive Black's motion for recusal. Judge Phillips responded that the motion had been waived because it had not been timely filed. Black's counsel asserted that it was timely because the tenth day before the hearing was a Saturday, and he filed the motion on the following Monday. Judge Phillips stated that the motion was waived because a verified motion had not been filed more than ten days before the hearing, as required by the rule. Judge Phillips proceeded with the hearing and granted 7-Eleven's motion to dismiss with prejudice.

Approximately two weeks later, on April 7, 2011, Judge Phillips and Judge Shepperd each referred the motions to recuse them to the presiding judge of the Third Administrative Judicial District with letters informing the judge that each believed the motion against him was groundless and that each had declined to recuse. The presiding judge appointed another judge, the Honorable Gus J. Strauss, to hear the motions to recuse.

As the basis for the recusal motions, Black relied primarily on events that had allegedly occurred during and immediately after the December 2010 hearing in Judge Phillips's court on 7-Eleven and the towing company's appeal of the justice court's ruling in Zuniga's favor.[3] In particular, he alleged that Judge Phillips's recusal was warranted because of certain alleged statements made by Judge Phillips during the hearing that Black perceived as disparaging, as well as various rulings made by Judge Phillips. Black further complained that Judge Phillips had reportedly

---

[3] The appellate record does not contain a transcript from the December 2010 hearing in Zuniga's case.

4

discussed the case with Judge Shepperd before Judge Shepperd heard the postjudgment motions. In his motion to recuse Judge Shepperd, Black asserted that at the hearing on postjudgment motions in Zuniga's case, Judge Shepperd interrupted counsel's opening statement, stating "I've already heard about this case from Judge Phillips." Black again complained about a jurisdictional ruling and complained that Judge Shepperd allowed the postjudgment motions to be overruled by operation of law. After a hearing at which both Judge Phillips and Judge Shepperd appeared as witnesses, Judge Strauss orally ruled that Black's motion to recuse both judges would be denied.[4]

Black nonsuited his claims against the other defendant, Franklin Service Stations, Inc., making the orders in this case final. Black then perfected this appeal of the order denying his recusal motions and the order dismissing his claims against 7-Eleven.[5]

## ANALYSIS

Black filed two briefs. In his brief for cause number 03-12-00015-CV, he asserts in two issues (one for each judge) that Judge Phillips and Judge Shepperd should have recused themselves and Judge Strauss abused his discretion by not recusing them. In his brief for cause number 03-12-00014-CV, he asserts in three issues that (1) when we decided *Black I*, we decided that he is not bound by the judgment in Zuniga's case; (2) Judge Phillips's order dismissing Black's claims is void because Black moved to recuse and Judge Phillips did not recuse himself or refer

---

[4] The only written order in the record is a denial of Black's motion to recuse Judge Shepperd.

[5] Black's appeal was docketed as two separate cause numbers, but has been consolidated for this opinion. Cause number 03-12-00014-CV was assigned to his appeal of the trial court's order dismissing his claims against 7-Eleven. Cause number 03-12-00015-CV was assigned to his appeal of the order denying his recusal motions.

5

the motion to the presiding judge of the administrative judicial district; and (3) collateral estoppel does not bar his claim for wrongful towing, and application of the doctrine would deny him due process and due course of law by depriving him of his truck.

We first consider the issues related to recusal: whether Judge Phillips's order dismissing the case is void because Judge Phillips held the hearing before he referred the recusal motion to the presiding judge and whether Black's motions to recuse Judge Phillips and Judge Shepperd were properly denied. We then turn to the issue of collateral estoppel to determine whether the trial court properly granted 7-Eleven's dismissal motion on that basis.

**Recusal**

In Texas, a judge may be removed from a particular case because he is constitutionally disqualified, subject to a statutory strike, or recused. *See In re Union Pac. Res. Co.*, 969 S.W.2d 427, 428 (Tex. 1998). Each type of removal has fundamentally different grounds and procedures, as well as different consequences when a judge who should be removed continues to sit. *Id.* When a disqualified judge continues to sit in violation of a constitutional or statutory proscription, any orders or judgments rendered by the disqualified judge are void and without effect. *Id.* In contrast to disqualification, the erroneous denial of a recusal motion does not void or nullify the challenged judge's subsequent acts. *Id.* While a judgment rendered in such circumstances may be reversed on appeal, it is not fundamental error. *Id.* In this case, Black contends that Judge Phillips's order dismissing his case is void because Judge Phillips did not recuse himself or refer the recusal motion to the presiding judge before conducting the hearing on 7-Eleven's motion to dismiss. *See* Tex. R. Civ. P. 18a(c), (d) (requiring judge to either recuse himself or refer motion to presiding judge before

6

any further proceedings occur in the case).[6] Because Black moved to recuse—not disqualify—Judge Phillips, we note that even were we to conclude that Judge Phillips erred by failing to recuse himself or refer the motion, the order dismissing Black's case would be voidable, not void.

Furthermore, Black arguably waived the right to complain of Judge Phillips's failure to recuse by failing to file a timely, verified motion, as required by Texas Rule of Civil Procedure 18a. *E.g.*, *Carmody v. State Farm Lloyds*, 184 S.W.3d 419, 422 (Tex. App.—Dallas 2006, no pet.) (holding that trial court did not abuse its discretion by concluding recusal motion brought after commencement of hearing was untimely when alleged grounds for recusal were known to parties before beginning of hearing); *Barron v. State of Tex. Att'y Gen.*, 108 S.W.3d 379, 383 (Tex. App.—Tyler 2003, no pet.) (holding that trial judge was not obligated to recuse or refer until party filed formal timely, written, and verified motion to recuse); *Spiegner v. Wallis*, 80 S.W.3d 174, 180 (Tex. App.—Waco 2002, no pet.) (collecting cases holding that trial court's obligation to recuse himself or refer motion is not implicated unless formal timely, written, and verified recusal motion is filed).[7] Rule 18a mandates that a verified motion to recuse the judge before whom a case is pending

---

[6] Texas Rules of Civil Procedure 18a and 18b, which concern recusal and disqualification of judges, were amended effective August 1, 2011. *See* Tex. Sup. Ct. Orders of July 5, 2011, and July 22, 2011, Misc. Docket Nos. 11–9126 and 11–9141. Black filed his motions to recuse in March 2011, and they were ruled upon in April 2011. Therefore, we will consider and apply the Rules in their pre-amendment form. All references to Rule 18a and 18b are to the prior Rules, unless otherwise noted.

[7] *But see, e.g.*, *In re Norman*, 191 S.W.3d 858, 861 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) (holding that challenged judge must either recuse or refer motion, even if motion is procedurally defective); *Hudson v. Texas Children's Hosp.*, 177 S.W.3d 232, 236-37 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (same).

must be filed *at least* ten days before the date set for trial or other hearing.[8] Tex. R. Civ. P. 18a(a). In this case, Black did not file a verified motion to recuse until six days before the hearing.

In any event, Black's motion to recuse Judge Phillips was eventually heard. As long as it was properly denied, which we address below, the result would have been the same even if the recusal motion had been heard before the dismissal motion. *See* Tex. R. App. P. 44.1(a) (establishing that judgment will be reversed only if error probably caused rendition of improper judgment). We overrule Black's second issue in his brief for cause number 03-12-00014-CV.

We now turn to the denial of Black's recusal motions. We review an order denying a motion to recuse for an abuse of discretion. *See* Tex. R. Civ. P. 18a(f). Black argues that both judges should have recused themselves or been recused after the hearing based on their alleged bias or lack of impartiality. *See id.* R. 18b(b) (requiring recusal when "judge's impartiality might reasonably be questioned" or "judge has a personal bias or prejudice concerning the subject matter or a party"). When a party challenges a denial of a recusal motion on these grounds, the party typically must show that the alleged bias or lack of impartiality arises from an extrajudicial source. *Ludlow v. DeBerry*, 959 S.W.2d 265, 270-71 (Tex. App.—Houston [14th Dist.] 1997, no pet.) (explaining that opinions formed by judge on basis of facts introduced or events occurring during proceedings do not constitute basis for recusal unless they display deep-seated favoritism or antagonism that would make fair judgment impossible and citing *Liteky v. U.S.*, 510 U.S. 540, 550-56 (1994)). Thus, "judicial remarks during the course of a trial that are critical or disapproving or even hostile to counsel, parties, or their cases, ordinarily do not support recusal." *Id.* at 271. Black

---

[8] The amended version of Rule 18a specifically provides that the respondent judge must either recuse himself or refer the motion within three business days after the motion is filed "regardless of whether the motion complies with this rule." Tex. R. Civ. P. 18(f) (current version).

failed to establish that Judge Phillips's or Judge Shepperd's alleged biases arose from an extrajudicial source.[9] Consequently, it was not an abuse of discretion for Judge Strauss to deny the recusal motions. We overrule the two issues presented by Black in his brief for cause number 03-12-00015-CV.

**Collateral estoppel**

In his first and third issues in his brief for cause number 03-12-00014-CV, Black challenges the trial court's dismissal of his claims against 7-Eleven. In its motion to dismiss, 7-Eleven argued that because Black sought damages resulting from the allegedly wrongful towing, and the trial court had ruled in Zuniga's case that probable cause existed for the towing, collateral estoppel barred Black's claims. Black's two issues on appeal are both related to the same element of collateral estoppel. His argument centers on his contention that 7-Eleven did not establish that he was in privity with Zuniga, and thus, his claims cannot be barred by collateral estoppel.

Collateral estoppel, also known as issue preclusion, bars the relitigation of identical issues of fact or law that were actually litigated and essential to the final judgment in a prior suit. *Texas Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 579 (Tex. 2001). The doctrine promotes judicial efficiency, protects parties from multiple lawsuits, and prevents inconsistent judgments by precluding

---

[9] Black also contends that he was denied due process and equal protection because Judge Phillips was prejudiced against him because he was indigent and because both Judge Phillips and Judge Shepperd were not impartial. The statements and actions described by Black do not rise to the level of a denial of due process or equal protection. *See Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876-77, 880-81 (2009) (identifying factors requiring recusal based on constitutional-rights violation, including high probability of "actual bias" on judge's part). Black also asserts that both judges violated various provisions of the Texas Code of Judicial Conduct. We note that the Code is not designed as a basis for civil liability or to be used for tactical advantage in a proceeding. *See Ludlow v. DeBerry*, 959 S.W.2d 265, 270 (Tex. App.—Houston [14th Dist.] 1997, no pet.). While violations of the Code may provide a basis for disciplinary action against a judge, a Code violation will not necessarily require recusal, and not every transgression will necessarily result in disciplinary action. *Id.*

the relitigation of issues. *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 801 (Tex. 1994). A party seeking to assert the bar of collateral estoppel must establish that (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action. *Id.* Strict mutuality of parties is not required. *Id.* at 801-02. Due process requires only that the party against whom the doctrine of collateral estoppel is asserted was a party or in privity with a party in the first action. *Id.* at 802; *see also Benson v. Wanda Petrol. Co.*, 468 S.W.2d 361, 363 (Tex. 1971) (explaining that due process requires collateral estoppel operate only against parties or privies to prior suit, or "at the least, [that] the presently asserted interest was actually and adequately represented in the prior trial").

In his third issue, which we consider first, Black contends that 7-Eleven did not prove the third element of collateral estoppel, that he was either a party or in privity with a party in Zuniga's case.[10] Although there are several ways that privity can be established, the one that is

---

[10] Black does not challenge the second element of collateral estoppel, that the facts he sought to litigate in this suit were essential to the judgment in Zuniga's suit. Any claims that Black could have made against 7-Eleven based on his allegations that 7-Eleven improperly had the truck towed would necessarily turn on the ultimate fact issue of whether the towing was wrongful. *See Tarter v. Metropolitan Sav. & Loan Ass'n*, 744 S.W.2d 926, 927-28 (Tex. 1988) (collateral estoppel precludes relitigation of any ultimate fact issue actually litigated and essential to prior suit's judgment). As for the first element of collateral estoppel, that the facts Black sought to litigate in this suit were fully and fairly litigated in Zuniga's suit, Black does not contend that Zuniga lacked an opportunity to litigate the wrongful-towing issue in her suit. *See Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 802 (Tex. 1994) (analyzing what issue was relevant issue of ultimate fact in first suit and then considering whether parties had full and fair opportunity in that suit to present their claims and defenses related to that issue); *Tarter*, 744 S.W.2d at 927-28. Instead, he complains that the trial court's alleged bias and various adverse rulings prevented the issue from being fully and fairly litigated. Adverse rulings, standing alone, do not indicate that Zuniga lacked an opportunity to litigate the wrongful-towing issue. And, as discussed above, the trial court was not improperly biased.

10

dispositive here is that Black's interest is derivative of Zuniga's interest in the legal right that was litigated in the first suit. *See Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 653 (Tex. 1996) (explaining different ways that people can be in privity); *Benson*, 468 S.W.2d at 363 (explaining that "there is no generally prevailing definition of privity which can be automatically applied . . . and the determination . . . requires careful examination into the circumstances of each case"); *Truck Ins. Exch. v. Mid-Continent Cas. Co.*, 320 S.W.3d 613, 618-20 (Tex. App.—Austin 2010, no pet.) (holding that privity exists when "a person's claims are derived from a party to the prior judgment"). We examine the interests shared by the parties to determine whether a person is in privity with a party to a prior judgment. *Amstadt*, 919 S.W.2d at 653. Black testified in Zuniga's case that Zuniga was the registered owner of the truck. While Black asserted in his pleadings in this case that he owned a "vested interest" in the truck, any interest he had in the truck was derivative of Zuniga's interest as the registered owner. Furthermore, he has not asserted any right to recovery against 7-Eleven that is independent of Zuniga's right to recovery. The recovery Black seeks in this case—the truck itself and damages related to the allegedly unlawful towing and storage of the truck—is Zuniga's legal right as the registered owner of the truck, the same legal right that she represented in her suit challenging the propriety of the towing. *See Truck Ins. Exch.*, 320 S.W.3d at 619-20. Thus, we hold that Black is in privity with Zuniga. We overrule Black's third issue.

In his first issue, Black asserts that we should apply the principles of stare decisis and the law of the case to reverse the trial court's judgment in his case and to conclude that the trial court's ruling in Zuniga's case that there was probable cause to tow the truck is not binding on him in his case. As generally applied, the doctrine of stare decisis governs only the determination of

11

questions of law, not disputed issues of fact. *Swilley v. McCain*, 374 S.W.2d 871, 875 (Tex. 1964). Whether Black and Zuniga were in privity for purposes of collateral estoppel is a mixed question of fact and law. Thus, stare decisis does not control our decision in this appeal.

The doctrine of law of the case is also inapplicable here. That doctrine "is defined as that principle under which questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages." *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986). Like stare decisis, it applies only to questions of law, not questions of fact. *Id.* Moreover, it governs only the *same case* throughout its subsequent stages. It does not apply to a different case. *See State & Cnty. Mut. Fire Ins. Co. v. Miller*, 52 S.W.3d 693, 698 (Tex. 2001) (per curiam). We overrule Black's first issue.

## CONCLUSION

Having found that denying Black's motions to recuse was not an abuse of discretion and any error from the trial judge's failure to recuse himself or refer the recusal matter before the dismissal hearing would not be reversible error, we affirm the order denying Black's motions. Having found that Black's claim below was properly dismissed, we affirm the trial court's order dismissing Black's case against 7-Eleven.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton and Rose

Affirmed

Filed:   March 7, 2014

12