**AFFIRM; and Opinion Filed August 25, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00641-CV

### JERRON C. HILL, M.D., INDIVIDUALLY, AND
### JERRON C. HILL, M.D., P.A., Appellants
### V.
### TX-AN ANESTHESIA MANAGEMENT, LLP, M2 HEALTHCARE SERVICES, LP,
### AND ANESTHESIA BUSINESS CONSULTANTS, Appellees

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-11-07088-K**

## OPINION

Before Justices Fillmore, Evans, and Lewis
Opinion by Justice Lewis

Appellants Jerron C. Hill, M.D., individually, and Jerron C. Hill, M.D., P.A. appeal the

trial court's grant of summary judgment in favor of Tx-An Anesthesia Management, LLP, M2

Healthcare Services, LP, and Anesthesia Business Consultants. Appellants complain, in three

issues, that the trial court erred in granting summary judgment because appellees failed to prove

that all of appellants' claims were compulsory counterclaims barred by res judicata. Apellants

also complain that appellees waived the right to assert res judicata. Because we determine that

all of appellants' claims are barred, we affirm the trial court's judgments.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant Jerron C. Hill, M.D. (Hill) is an anesthesiologist who practices under the

professional association name of Jerron C. Hill, M.D., P.A. (P.A.). Appellee Tx-An Anesthesia

Management, LLP (Tx-An) provides practice management services to its anesthesiologist partners and other anesthesiologists who contract with Tx-An. These services include scheduling, billing, collection, and other management services. In 2001, Tx-An entered into a contract with M2 Healthcare Services, LP (M2) to provide billing and collection services to Tx-An partners. Anesthesia Business Consultants (ABC) provides backroom billing and administrative support to M2 and other related companies.

Hill became associated with Tx-An in 2002; P.A. became a partner of Tx-An in 2005. Pursuant to the terms of the Tx-An partnership agreement, P.A. agreed to have its billing and collections performed by M2. In 2008, ABC began implementing a new billing and collection software system to bill and collect charges for its various clients, including Tx-An. Each Tx-An physician was transitioned to the new system individually. In September 2009, M2 began P.A.'s transition and experienced computer difficulties. Hill complained that his billings were not being timely processed by Tx-An and M2. Although efforts were made to resolve P.A.'s billing issues, Hill was not satisfied and did not want to continue using M2 for billing and collection services.

On May 27, 2010, Hill filed suit against Tx-An, M2, and ABC, alleging claims for breach of contract against all defendants for failing to process Hill's billings in a timely manner, breach of fiduciary duty against Tx-An for failing to disclose a second agreement with M2 whereby certain Tx-An partners would receive 20% of the net proceeds of any sale of M2, fraud against M2 and ABC for making misrepresentations to Hill about the billing issues, and fraud against Tx-An for failing to disclose its second agreement with M2. The suit was filed in the 95th Judicial District Court for Dallas County (First Suit). Tx-An filed an answer and counterclaim against Hill, alleging breach of fiduciary duty by Hill. M2 and ABC filed answers and counterclaims for sanctions and attorney's fees. On March 2, 2011, with motions for sanctions pending against him, Hill filed a pro se motion for nonsuit. On March 12, 2011, the trial court

signed an order granting Hill's motion for nonsuit; the order stated it did not dispose of all claims and all parties.

On May 26, 2011, P.A. was expelled from the Tx-An partnership. Approximately one week later, Hill filed a second lawsuit against Tx-An, M2, and ABC, alleging the following claims: (1) breach of partnership agreement against Tx-An for failing to allow Hill to inspect financial documents of the partnership; (2) breach of fiduciary duty against Tx-An for failing to allow a proper accounting, failing to disclose agreements with M2, and entering into a civil conspiracy with M2 to deny Hill's right to an accounting associated with Hill's billings; (3) civil conspiracy and fraud against all defendants for making false statements about billing problems; (4) breach of contract against Tx-An for illegally terminating Hill's partnership rights and expelling Hill from the partnership; (5) breach of contract against M2 and ABC for breaching their duty to properly and timely submit Hill's billings and resolve complaints; (6) violation of public policy against all defendants because the contract between Tx-An and M2 assigned away Hill's rights and compelled Hill to use M2 to do his billing; and (7) disparate treatment against Tx-An for terminating Hill's partnership rights because Hill was the only African-American in the partnership and the only partner expelled for complaining about billing problems. Hill sought actual and exemplary damages, a partnership accounting, and declaratory judgments[1] that Hill was entitled to inspect the books and papers relating to billing done on his behalf, and that certain provisions of the contract between Tx-An and M2 violated public policy. This suit was filed in the 192nd Judicial District Court for Dallas County (Second Suit). Hill then filed a motion with the 192nd Judicial District Court to consolidate the First and Second Suits for further proceedings in that court. Hill did not file the motion to consolidate with 95th Judicial

---

[1] Hill and P.A. did not separately plead claims for declaratory relief; their requests for declaratory relief were included within their claims for breach of partnership agreement against Tx-An, and violation of public policy against all defendants, and were stated as elements of damages sought by appellants.

District Court. The motion was never scheduled for hearing by the 192nd Judicial District Court, and that court did not rule on it.

On July 1, 2011, Hill filed a first amended petition with the 192nd Judicial District Court, adding P.A. as a plaintiff. The first amended petition also revised the civil conspiracy claim against all defendants by deleting the allegations of fraud and adding allegations of tortious interference in appellants' business relationship with insurance companies, Medicare, and Medicaid, and their fiduciary relationship with Tx-An. The first amended petition also deleted the disparate treatment claim against Tx-An. On November 5, 2012, Hill and P.A. filed a second amended petition, revising their civil conspiracy claim to add more examples of alleged misrepresentations by the defendants, and revising the damages provision to include a demand that all of the partners of Tx-An be found jointly and severally liable for expelling appellants from the partnership. On February 13, 2013, Hill and P.A. filed their third amended petition, adding aiding and abetting allegations to their claims of breach of fiduciary duty against Tx-An, and civil conspiracy against all defendants. Hill and P.A. alleged that the defendants aided and abetted each other in denying appellants the records they sought. The third amended petition also added a new section titled "Collateral Estoppel & Objection" in which Hill and P.A. alleged that because counsel for the defendants opposed combining the actions in the 192nd Judicial District Court and the 95th Judicial District Court, they should be collaterally estopped from asserting the affirmative defense of res judicata.

On July 9, 2012, over a year after the Second Suit was filed, the First Suit was tried to a jury, and the jury found in favor of Tx-An on its breach of fiduciary duty claim against Hill. The trial court heard Hill's motion for judgment notwithstanding the verdict and granted the motion, setting aside the jury's verdict in favor of Tx-An, and denying all other relief requested and not

specifically granted or denied. On August 7, 2012, the trial court signed a final judgment which disposed of all parties and all claims.

On January 10, 2013, Tx-An filed a traditional and no evidence motion for summary judgment in the Second Suit. M2 and ABC also filed traditional and no evidence motions for summary judgment. In their traditional motions for summary judgment, Tx-An, M2, and ABC asserted that all of the claims alleged by Hill and P.A. in the Second Suit were barred by res judicata or the compulsory counterclaim rule because the trial court in the First Suit made a final determination on the merits with respect to the same claims between the same parties. Hill and P.A. filed their response and the trial court conducted a hearing. On February 15, 2013, the trial court signed an order granting Tx-An's traditional motion for summary judgment, and a separate order granting M2 and ABC's traditional motion for summary judgment. Hill and P.A. filed a motion to modify final judgments which was overruled by operation of law. Hill and P.A. now appeal.

## II. STANDARD OF REVIEW

We review the granting of a summary judgment de novo. *See Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); *Beesley v. Hydrocarbon Separation, Inc.*, 358 S.W.3d 415, 418 (Tex. App.—Dallas 2012, no pet.). In a traditional motion for summary judgment, the moving party has the burden of showing there is no genuine issue of material fact and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *see also Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). Where a defendant moves for summary judgment on an affirmative defense, it must prove all the essential elements of its defense as a matter of law. *See Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 121 (Tex. 1996) (per curiam); *Van Voris v. Team Chop Shop, LLC*, 402 S.W.3d 915, 918 (Tex. App.—Dallas 2013, no pet.). Once the defendant establishes a right to summary judgment as a

matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact, thereby precluding summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979); *Wesby v. Act Pipe & Supply, Inc.*, 199 S.W.3d 614, 617 (Tex. App.—Dallas, no pet.). An appellate court must take as true evidence favorable to the nonmovant, indulge every reasonable inference from the evidence in favor of the nonmovant, and resolve any doubt in favor of the non-movant. *See Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004).

### III. ANALYSIS

On appeal, appellants first contend the trial court erred when it granted the motions for summary judgment filed by Tx-An, M2, and ABC because appellants' claims were not compulsory counterclaims barred by res judicata. Specifically, appellants assert that M2 and ABC were not parties to the First Suit, P.A. was not a party or in privity with a party to the First Suit, and the claims asserted in the Second Suit were not identical to the claims adjudicated in the First Suit. In their second issue, appellants contend appellees are barred by waiver, laches and collateral estoppel from asserting their affirmative defenses of res judicata and the compulsory counterclaim rule. In their third issue, appellants contend that even if res judicata applies to some of their claims, their claims for breach of the partnership agreement and breach of contract for expelling P.A. from the Tx-An partnership should survive.

#### WAIVER, LACHES, AND COLLATERAL ESTOPPEL

We begin with appellants' second issue in which we are asked to determine whether Tx-An, M2, and ABC waived their affirmative defenses of res judicata and failure to assert compulsory counterclaims, or are otherwise barred by laches or collateral estoppel from asserting such defenses. Waiver, laches, and estoppel are affirmative defenses, and must be pled in order to be asserted by a party. *See* TEX. R. CIV. P. 94; *see also Compass Bank v. MFP Fin. Servs.,*

*Inc.*, 152 S.W.3d 844, 851 (Tex. App.—Dallas 2005, pet. denied). Appellants contend that these equitable remedies of waiver, laches, and estoppel were pled in their third amended petition; appellees contend appellants' third amended petition was filed untimely, without leave of the trial court, and cannot be considered.

According to the record, appellants' third amended petition was filed on February 13, 2013, one day before the hearing on appellees' motions for summary judgment. Pursuant to rule 63, "any pleadings, responses or pleas offered for filing within seven days of the date of trial or thereafter … shall be filed only after leave of the judge is obtained, which leave shall be granted by the judge unless there is a showing that such filing will operate as a surprise to the opposing party." TEX. R. CIV. P. 63; *see Sosa v. Central Power & Light*, 909 S.W.2d 893, 895 (Tex. 1995); *see also Goswami v. Metropolitan Sav. & Loan Ass'n*, 751 S.W.2d 487, 490 (Tex. 1988) ("A summary judgment proceeding is a trial within the meaning of rule 63."). Appellants did not seek leave of the trial court to file their third amended petition within seven days of the summary judgment hearing.

Rule 63 has been interpreted liberally. "Texas courts have held that in the absence of a sufficient showing of surprise by the opposing party, the failure to obtain leave of court when filing a late pleading may be cured by the trial court's action in considering the amended pleading." *Goswami,* 751 S.W.2d at 490; *see also Lloyd's of London v. Walker*, 716 S.W.2d 99, 103 (Tex. App.—Dallas 1986, writ ref'd n.r.e.). Based on the record before us, we see no evidence the trial court considered appellants' third amended petition. During the February 14, 2013 hearing, appellants' third amended petition was not mentioned by any of the parties or by the trial court. The trial court's order granting summary judgment in favor of Tx-An stated that the court had considered "the Motion, any response thereto, and the evidence and argument of the parties." The order did not state that the trial court considered any pleadings, timely or

otherwise, in making its decision. The order granting summary judgment in favor of M2 and ABC stated the court considered "Defendants' Motion, all responsive pleadings, the evidence on file, and the arguments of counsel." However, "leave of court is presumed when a summary judgment states that all pleadings were considered, and when … the record does not indicate that an amended pleading was not considered, and the opposing party does not show surprise." *Continental Airlines v. Kiefer*, 920 S.W.2d 274, 276 (Tex. 1996). Because the record before us does not show that the trial court denied leave to file the late amendment, and does not show that the amended pleading was not considered, or that the opposing parties were surprised, we presume that appellants filed their third amendment with leave of court. *See id*.

In their third amended petition, appellants complain that by opposing appellants' motion to consolidate the First and Second Suits, appellees waived their right to raise the affirmative defense of res judicata in the Second Suit. Appellants also argue it was not fair that appellees' counsel opposed the motion to consolidate, proceeded with a trial in the First Suit, and then later asserted res judicata in the Second Suit. Appellants contend that because of the unreasonable delay caused by appellees' opposition to appellants' motion to consolidate, the doctrine of laches should apply. To preserve a complaint for appellate review, a party generally must present it to the trial court by timely request, motion, or objection, stating the specific grounds, and obtain a ruling. TEX. R. APP. P. 33.1(a); *see Shaw v. Cnty. of Dallas*, 251 S.W.3d 165, 174 (Tex. App.—Dallas 2008, pet. denied). If a party fails to do this, error is not preserved. *Shaw*, 251 S.W.3d at 174. The record reveals that none of appellants' pleadings below raised the defenses of waiver or laches. We conclude appellants' waiver and laches arguments were not preserved for appellate review. *Id*.

Appellants' third amended complaint alleges "collateral estoppel with regards to the affirmative defense asserted by Defendants with regards to res judicata and/or compulsory

counterclaim." On appeal, appellants argue that appellees' lawyers should be "collaterally estopped as officers of the Court for holding out one position to the 95th and 192nd Judicial District and then subsequently taking a legal position contrary to the statements to the Court." Appellants do not explain how collateral estoppel has application to the facts before us. Collateral estoppel applies when "(1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action, (2) those facts were essential to the judgment in the first action, and (3) the parties were cast as adversaries in the first action." *Indem. Ins. Co. v. City of Garland*, 258 S.W.3d 262, 271 (Tex. App.—Dallas 2008, no pet.) (citing *John G. and Marie Stella Kenedy Mem'l Found. v. Dewhurst*, 90 S.W.3d 268, 288 (Tex. 2002)). Here, appellants complain that because appellees' counsel opposed appellants' motion to consolidate, appellees should be collaterally estopped from raising their res judicata and compulsory counterclaim affirmative defenses. During the summary judgment hearing, appellants' counsel argued that it was not fair, equitable, or ethical for appellees to oppose the motion to consolidate and then turn around and assert res judicata and compulsory counterclaim affirmative defenses. However, the trial court noted there could be any number of reasons counsel would appropriately oppose a motion to consolidate. The motion to consolidate was not filed in the correct court, was never set for hearing, and neither the 95th Judicial District Court nor the 192nd Judicial Court ruled on the motion. We conclude collateral estoppel is not applicable to the facts before us. *See id.* Appellants' second issue is overruled.

### Res Judicata

Res judicata, also known as claim preclusion, prevents the relitigation of a claim or cause of action that was adjudicated and resolved by a final judgment, as well as all related matters that with the use of diligence could or should have been litigated in the prior suit. *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007); *State & Cnty. Mut. Fire Ins. Co. v. Miller*, 52

S.W.3d 693, 696 (Tex. 2001); *MGA Ins. Co. v. Charles R. Chesnutt, P.C.*, 358 S.W.3d 808, 816 (Tex. App.—Dallas 2012, no pet.). Texas follows the transactional approach to res judicata. *See Miller*, 52 S.W.3d at 696; *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 630–31 (Tex. 1992). The transactional approach results in claim preclusion if a defendant does not bring as a counterclaim any claim arising out of the transaction or occurrence that is the subject matter of the opposing party's suit. *Miller*, 52 S.W.3d at 696; *Barr*, 837 S.W.2d at 630.

Res judicata is an affirmative defense. TEX. R. CIV. P. 94. In relying on the affirmative defense of res judicata, appellees had the burden to prove: (1) a prior final determination on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Joachim*, 315 S.W.3d at 862; *Dolenz v. Vail*, 293 S.W.3d 842, 845 (Tex. App.—Dallas 2009, pet. denied). In this case, appellants do not dispute the first element of res judicata—a prior final judgment on the merits by a court of competent jurisdiction.

Appellants argue that M2 and ABC were not parties to the First Suit because they did not have pending counterclaims against Hill at the time of the nonsuit. However, summary judgment evidence established that M2 and ABC were named defendants in the First Suit with counterclaims for sanctions and attorney's fees pending at the time of Hill's nonsuit. Counsel for M2 and ABC participated in the pretrial of the First Suit. The evidence further reflects that M2 and ABC participated to some extent in the trial of the First Suit. The final judgment in the First Suit states that M2 and ABC appeared through their attorneys and announced ready for trial, and awards M2 and ABC monetary sanctions against Hill. Based on the summary judgment evidence, the trial court did not err in determining that M2 and ABC were parties to the First Suit.

P.A. was not a party to the First Suit.  Generally a person is not bound by a judgment in a suit to which he was not a party.  *See* TEX. CIV. PRAC. REM. CODE ANN. § 37.006(a) (West 2008); *see also Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996).  However, res judicata applies when a party in the second action is in privity with a party to the first action.  *Amstadt*, 919 S.W.2d at 652–53; *Brown v. Zimmerman*, 160 S.W.3d 695, 703 (Tex. App.—Dallas 2005, no pet.).  There is no general definition of privity that can be applied to all res judicata cases; the circumstances of each case must be examined.  *See Truck Ins. Exchange v. Mid-Continent Cas. Co.*, 320 S.W.3d 613, 618 (Tex. App.—Austin 2010, no pet.) (citing *Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 800 (Tex. 1992)).  A person may be in privity with a party in at least three ways:  (1) he can control an action even though not a party to it; (2) his interests can be represented by a party to the action; or (3) he can be a successor in interest deriving his claim through a party to the prior action.  *See Amstadt*, 919 S.W.2d at 653.  Privity connotes those who in law are so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right.  *See Brown*, 160 S.W.3d at 703.

In this case, P.A. is Hill's one-person professional association.  In their third amended petition, Hill and P.A. describe themselves as a single entity:  "Plaintiff is and remains a resident of Collin County, Texas and/or a legal entity under Texas law."  The record reflects that P.A. was the Tx-An partner, not Hill individually.  However, in the First Suit, Hill individually asserted claims against Tx-An on behalf of P.A. for breach of the partnership agreement and breach of fiduciary duty.  Although Hill ultimately nonsuited his claims, Hill individually continued to defend against Tx-An's counterclaim for breach of fiduciary duty.  In the Second

Suit, Hill and P.A. sued for breach of that same partnership agreement.[2]  "Privity exists if the parties share an identity of interests in the basic legal right that is the subject of litigation." *Truck Ins. Exchange*, 320 S.W.3d at 618.  Clearly, P.A.'s interests can be represented by Hill as evidenced by the First Suit, and Hill and P.A. share an identity of interests in the basic legal rights that were the subject of litigation.  Based on the summary judgment evidence, the trial court did not err in determining that P.A. was in privity with Hill.  The second element of res judicata is met.

Appellants also argue that the claims alleged in the Second Suit were not identical to the claims litigated in the First Suit because Hill's expulsion from the Tx-An partnership occurred after Hill filed his motion for nonsuit in the First Suit.  Appellants assert that in the Second Suit, they alleged new claims for breach of contract, breach of fiduciary duty, and civil conspiracy, all arising out of appellees' failure to allow an inspection of financial records, to produce documents, and to provide an accounting of funds due and owing to appellants.  In response, appellees contend that the facts giving rise to both the First and Second Suits are essentially identical, and the issues raised in both the First and Second Suits share the same nucleus of operative facts:  Hill's relationship with Tx-An, Tx-An's relationship with M2, Hill's complaints about M2's billing process, and the actions taken by Hill and Tx-An in response to the billing dispute.

Under the transactional approach followed in Texas, whether the claims arise from the same transaction is determined pragmatically, "giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a trial unit conforms with the parties' expectations or

---

[2]  The record also reflects that during the hearing on appellees' motions for summary judgment, counsel for Hill and P.A. agreed that Hill and P.A. had the same, interchangeable rights and interests in reviewing Tx-An's records.

business understanding or usage." *Citizens Ins*., 217 S.W.3d at 449 (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 24(2) (1982)). It is undisputed that both suits involve a billing dispute that began in September 2009. It is also undisputed that both suits involve the Tx-An partnership agreement and the fiduciary duties arising thereunder. In the First Suit, Tx-An alleged that Hill refused to cooperate, made unreasonable demands, jeopardized Tx-An's relationship with M2, and filed frivolous claims in violation of his fiduciary duty as a Tx-An partner. In the Second Suit, appellants alleged that Tx-An breached the partnership agreement by refusing to provide an accounting or allow inspection of partnership information, breached its fiduciary duty by failing to disclose material information regarding Tx-An's relationship with M2, and engaged in a civil conspiracy with M2 and ABC to interfere with appellants' billings and appellants' right to an accounting. Although appellants attempt to persuade us that their allegations in the Second Suit are new and different, it is clear the First and Second Suits share the same nucleus of operative facts—the relationship between the parties, the September 2009 billing dispute, and the actions taken by the parties as the dispute escalated. Many of the facts alleged in both suits were identical. Any facts that were not identical were related in time and origin, as they detailed the on-going dispute between the parties with respect to appellants' billings. Because the claims arose from the same operative facts, they would have formed a convenient trial unit, and their treatment as a trial unit conformed with the parties' expectations. *See Citizens Ins*., 217 S.W.3d at 449. Indeed, in their motion to consolidate, appellants informed the trial court that the Second Suit involved "essentially the same claims" as the First Suit, and that "the consolidation avoids duplication of trial." Based on the evidence, we conclude that appellants' claims for breach of partnership agreement against Tx-An, breach of fiduciary duty against Tx-An, breach of contract against M2 and ABC, violation of public policy against all defendants, and declaratory relief arose out of the same subject matter involved in the First Suit,

–13–

and through the exercise of due diligence, could have been litigated in that suit. *See Dennis v. First State Bank of Texas*, 989 S.W.2d 22, 26 (Tex. App.—Fort Worth 1998, no pet.).

### Compulsory Counterclaims

In addition to their claims against Tx-An for breach of partnership agreement and breach of fiduciary duty, appellants alleged a separate breach of contract claim against Tx-An for expelling P.A. from the partnership. Appellants also asserted a civil conspiracy and tortious interference claim against Tx-An, M2, and ABC, claiming that Tx-An, M2, and ABC purportedly conspired to refuse appellants' requests for an accounting, ultimately resulting in P.A.'s expulsion from the Tx-An partnership. Appellants argue their breach of contract and conspiracy claims are not compulsory counterclaims because they purportedly did not arise from the same transaction or occurrence, and the claims had not matured at the time the answer was due in the First Suit.

According to rule 97(a) of the Texas Rules of Civil Procedure, a counterclaim is compulsory if it meets the following six characteristics: (1) it is within the jurisdiction of the court; (2) it is not at the time of the filing of the answer the subject of a pending action; (3) the action is mature and owned by the defendant at the time of filing the answer; (4) it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; (5) it is against an opposing party in the same capacity; and (6) it does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction. *See* TEX. R. CIV. P. 97(a); *see also Ingersoll–Rand Co. v. Valero Energy Corp.,* 997 S.W.2d 203, 207 (Tex. 1999); *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 247 (Tex. 1988). A compulsory counterclaim must be asserted in the initial action; a party's failure to assert a compulsory counterclaim precludes that party from asserting it in later lawsuits. *Ingersoll–Rand*, 997 S.W.2d at 207; *Moore v. First Fin. Resolution Enters., Inc.*, 277 S.W.3d 510, 515 (Tex. App.—Dallas 2009, no

pet.). The compulsory counterclaim rule is an affirmative defense; therefore, appellees had the burden to establish each element of the compulsory counterclaim rule. *Moore*, 277 S.W.3d at 515.

Appellants argue their breach of contract and civil conspiracy claims are not compulsory counterclaims because the claims had not matured at the time the answer was due in the First Suit. Rule 97 provides that for a counterclaim to be compulsory, it must be mature "at the time of filing the pleading the pleader has against any opposing party." TEX. R. CIV. P. 97(a); *see also Ingersoll–Rand*, 997 S.W.2d at 207. The nonsuit of Hill's claims in the First Suit did not dispose of Tx-An's counterclaim or M2 and ABC's motions for affirmative relief. *See* TEX. R. CIV. P. 162; *see also Villafani v. Trejo*, 251 S.W.3d 466, 469 (Tex. 2008). The record in the First Suit is not before this Court, and there is nothing in the record before us to indicate if or when Hill filed an answer to Tx-An's counterclaim in the First Suit. However, we do know that P.A. was expelled from the Tx-An partnership on May 26, 2011, over a year before the trial in the First Suit. On June 6, 2011, Hill filed his Second Suit, alleging, among other things, that Tx-An breached the partnership agreement by expelling Hill. And on June 17, 2011, Hill filed his motion to consolidate the First and Second Suits. According to the record, the First Suit went to trial on July 9, 2012, and the final judgment was signed on August 7, 2012. Given the date of the trial in the First Suit, it is readily apparent that appellants' expulsion-related claims were mature in time to have been asserted in the First Suit. We conclude appellants have not demonstrated on this record that there is a genuine issue of material fact as to the maturity of their expulsion-related claims of breach of contract and civil conspiracy.

Hill and P.A. also argue that their expulsion-related claims did not arise out of the same transaction or occurrence as did Tx-An's counterclaim in the First Suit. Appellate courts apply a "logical relationship" test to determine whether counterclaims arise out of the same transaction

–15–

or occurrence under rule 97(a). *See Moore*, 277 S.W.3d at 516; *Jack H. Brown & Co. v. Nw. Sign Co., Inc.*, 718 S.W.2d 397, 399–400 (Tex. App.—Dallas 1986, writ ref'd n.r.e.). "The logical relationship test is met when the same facts, which may or may not be disputed, are significant and logically relevant to both claims." *Moore*, 277 S.W.3d at 516.

In support of their argument, appellants argue P.A. was expelled from the Tx-An partnership, not because of the billing dispute, but because "the Partners found that Hill had engaged in personal misconduct and willful breach of the Partnership Agreement of such a serious nature as to render his continued presence in the Partnership personally and professionally detrimental to the other Partners of the Partnership." The language quoted above was taken from the resolution of the Tx-An partnership in which the partners voted to expel P.A. from the partnership. Other than the Tx-An partnership resolution, Hill and P.A. do not cite to summary judgment evidence in support of their assertion that the expulsion did not arise out of the billing dispute.

Tx-An asserts that P.A. was expelled from the partnership because of Hill's breach of fiduciary duty that was adjudicated in the First Suit. In support of its motion for summary judgment, Tx-An submitted an affidavit of Jacob Roffe, M.D., Managing Partner of Tx-An, that also recites the reason for P.A.'s expulsion as set forth in the partnership resolution. Roffe's affidavit goes on to detail the numerous actions by Hill that the Tx-An partners considered to be misconduct or a willful breach of the partnership agreement—all of which involved the billing dispute or the lawsuit arising out of the billing dispute that Hill filed against the partnership (First Suit). We are mindful that we must take as true evidence favorable to appellants and indulge every reasonable inference from the evidence in appellants' favor. *See* Tex. R. Civ. P. 166a(c); *see also Reese*, 148 S.W.3d at 99. However, reviewing the evidence in the record, we determine there is evidence to support the conclusion that the facts concerning Hill's relationship with Tx-

An, Tx-An's relationship with M2, Hill's complaints about M2's billing process, and the actions taken by Hill and Tx-An in response to the billing dispute, including P.A.'s expulsion from the Tx-An partnership, were significant and logically relevant to both Tx-An's claim in the First Suit, and appellants' claims in the Second Suit. *See Moore*, 277 S.W.3d at 516. As a result, we conclude that Tx-An, M2, and ABC proved the sixth element of their compulsory counterclaim affirmative defense as a matter of law.

Appellants did not raise a genuine issue of material fact as to the application of appellees' affirmative defenses of res judicata and the compulsory counterclaim rule. The trial court did not err when it granted the motions for summary judgment filed by Tx-An, M2, and ABC because all of appellants' claims were compulsory counterclaims barred by res judicata. We overrule appellants' first and third issues.

## IV. CONCLUSION

Having overruled all of appellants' issues, we affirm the judgments of the trial court.

/David Lewis/
DAVID LEWIS
JUSTICE

130641F.P05

–17–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JERRON C. HILL, M.D., INDIVIDUALLY, AND JERRON C. HILL, M.D., P.A., Appellants

No. 05-13-00641-CV      V.

TX-AN ANESTHESIA MANAGEMENT, LLP, M2 HEALTHCARE SERVICES, LP, AND ANESTHESIA BUSINESS CONSULTANTS, Appellees

On Appeal from the 192nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-11-07088-K.
Opinion delivered by Justice Lewis.
Justices Fillmore and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees TX-AN ANESTHESIA MANAGEMENT, LLP, M2 HEALTHCARE SERVICES, LP, AND ANESTHESIA BUSINESS CONSULTANTS recover their costs of this appeal from appellants JERRON C. HILL, M.D., INDIVIDUALLY, AND JERRON C. HILL, M.D., P.A.

Judgment entered this 25th day of August, 2014.