

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00797-CV

Eunice **VILLANUEVA**,
Appellant

v.

**STRUCTURAL REPAIR, LLC**; Isabel Alcantara; Frederick Marshall; Francis Check;
Bradley Bertelsen; Michael Ellington; and Jarrod McBride,
Appellees

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2023CI22284
Honorable Norma Gonzales, Judge Presiding

Opinion by: Rebeca C. Martinez, Chief Justice

Sitting: Rebeca C. Martinez, Chief Justice
Lori I. Valenzuela, Justice
H. Todd McCray, Justice

Delivered and Filed: January 14, 2026

AFFIRMED

Eunice Villaneuva appeals from a summary judgment granted in favor of appellees, Structural Repair, LLC, Isabel Alcantara, Frederick Marshall, Francis Check, Bradley Bertelsen, Michael Ellington, and Jarrod McBride. In two issues, Villaneuva complains that the trial court erred in granting summary judgment because appellees failed to carry their burden, or she presented issues of material fact. We affirm.

## I. BACKGROUND

Villaneuva and Advanced Foundation Repair, L.P., a Texas limited partnership, entered into an agreement wherein Advanced Foundation agreed to perform repair work on the foundation of Villaneuva's home for $69,168. Villaneuva paid half of the contract price. After Advanced Foundation began working on the project, a dispute arose over the scope of the work. Villaneuva declined to pay the remaining balance, and Advanced Foundation instituted an arbitration proceeding. The trial court, over Villaneuva's objection, compelled the parties to arbitration and stayed the trial court proceeding pending completion of the arbitration.

In the arbitration, Villaneuva counter claimed against Advanced Foundation for common law fraud, fraud in the inducement, fraud by non-disclosure or omission, alleged violations of the Texas Deceptive Trade Practices Act ("DTPA"), negligent hiring, and negligent misrepresentation. Villaneuva also attempted to interplead Structural Repair into the arbitration. However, at one of the arbitration hearings, the arbiter noted that Villaneuva had no contract with Structural Repair, and he held that Structural Repair was not a party to the arbitration proceeding. The final arbitration award found against Villaneuva on her common law fraud claim, but in her favor on her alleged DTPA violation — though it was not committed knowingly or intentionally. It awarded Villaneuva a total of $148,621.22 in damages, including attorney's fees. The arbitration award further provided that "[a]ll claims and counterclaims not expressly granted herein are hereby denied." The trial court, upon Villanueva's request, confirmed the arbitration award. Approximately a week later, Advanced Foundation issued a check in the amount of the arbitration award to the trust account of Villanueva's counsel.

While the case was pending in arbitration, Villaneuva amended her trial court petition to assert claims of common law fraud, fraud by non-disclosure or omission, alleged DTPA violations,

and negligent misrepresentation against appellees. Appellees pleaded — and then they moved for summary judgment on — affirmative defenses of collateral estoppel, res judicata, and arbitration and award.

In support of their motion, appellees attached: (1) Villaneuva's contract with Advanced Foundation; (2) Villaneuva's second amended counter claim filed in the arbitration proceeding; (3) the arbiter's award; (4) a copy of the check from Advanced Foundation satisfying the arbiter's award; and (5) affidavits signed by each of the individual appellees. Appellees' summary judgment evidence provided that Advanced Foundation and Structural Repair are related because Structural Repair is the general partner of Advanced Foundation. Alcantara is both the president of Structural Repair and a limited partner of Advanced Foundation. Alcantara, along with Marshall, Check, Bertelsen, Ellington, and McBride, are limited partners of Advanced Foundation. Like Villaneuva's arbitration counter claim, her trial court petition centered on allegedly deficient foundation repair work. At the time appellees filed their motion for summary judgment, Villaneuva's petition asserted against appellees claims of common law fraud, fraud by non-disclosure or omission, alleged DTPA violations, and negligent misrepresentation.

Villaneuva responded to appellees' motion and further amended her petition to reassert her previously pleaded claims and an additional request that Structural Repair's corporate veil be pierced and Marshall be held personally liable.

The trial court granted appellees' motion for summary judgment without specifying any grounds, and it later made the summary judgment order a final judgment. Villaneuva timely appeals.

## II. DISCUSSION

### A. Standard of Review

The movant for traditional summary judgment bears the burden of demonstrating that: (1) no genuine issue of material fact exists, and (2) it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). If the movant produces evidence entitling it to summary judgment, the burden shifts to the nonmovant to respond to the motion and present any issues that would preclude summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979); *see also Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996). We must affirm a summary judgment if any of the grounds asserted in the motion are meritorious. *Tex. Workers' Comp. Comm'n v. Patient Advocates of Tex.*, 136 S.W.3d 643, 648 (Tex. 2004).

### B. Res Judicata Elements

A claim is barred by res judicata if there is proof of: "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). An arbitration award has preclusive effect for purposes of res judicata. *Premium Plastics Supply, Inc. v. Howell*, 537 S.W.3d 201, 204 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (collecting cases).

### C. Res Judicata Analysis

Villaneuva argues that appellees failed to satisfy the first element of their res judicata defense because the arbitration award was not a "final judgment on the merits." The arbitration award was, according to Villaneuva, merely an interlocutory order. The only authority Villanueva

references for her contention is *Harrell v. Evans*, No. 01-21-00666-CV, 2023 WL 3634318, at \*3 (Tex. App.—Houston [1st Dist.] May 25, 2023, no pet.) (mem. op.), for its holding that "[i]n cases in which a judgment has been rendered without a conventional trial on the merits, the judgment is not final unless it (1) actually disposes of all pending claims and parties or (2) clearly and unequivocally states that it finally disposes of all claims and parties, even if it does not actually do so." Appellees reference *Dauz v. Valdez*, 571 S.W.3d 795, 803 (Tex. App.—Houston [1st Dist.] 2018, no pet.), a case wherein the plaintiff sought to enforce an arbiter's decision against the parties involved in the arbitration. There, the First Court of Appeals held that the first and second res judicata elements were satisfied. *Id*.

Villaneuva's reliance on the general rule regarding finality of judgments is misplaced in light of the legal authority that an arbiter's award that has been enforced satisfies the first res judicata element. *See id*.; *see also Tanox, Inc. v. Akin, Gump, Strauss, Hauer & Feld, L.L.P.*, 105 S.W.3d 244, 270 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) ("[C]ourts have held that an arbitration award can have preclusive effect, even though it is not confirmed and a judgment is not entered."). In this case, appellees established that the trial court signed an order confirming the arbiter's award in Villaneuva's favor, upon Villanueva's urging, and Villanueva, through her counsel's trust account, had obtained the money the arbiter awarded to her. Thus, appellees established the first res judicata element.

As for the second element, Villaneuva emphasizes the arbiter noted that she had no contract with Structural Repair, and that the arbiter held Structural Repair was not a party to the arbitration proceeding. This, according to Villaneuva, creates a fact issue as to the second res judicata element. Appellees argue that Villaneuva fails to appreciate how they were in privity with Advanced Foundation. Appellees reference *Amstadt*, 919 S.W.2d at 653, for its rule that:

People can be in privity in at least three ways: (1) they can control an action even if they are not parties to it; (2) their interests can be represented by a party to the action; or (3) they can be successors in interest, deriving their claims through a party to the prior action.

Appellees also reference the affidavits filed with their summary judgment motion. These affidavits provide that Structural Repair is the general partner of Advanced Foundation, which is a limited partnership. The affidavits further provide that Marshall is the sole member of Structural Repair, and he is also a limited partner of Advanced Foundation. Alcantara, Check, Bertelsen, Ellington, and McBride are limited partners of Advanced Foundation. Alcantara, who is also president of Structural Repair, specifically testified that:

Any work performed by Structural [Repair], Marshall, Check, or me related to the Contract or the Residence was done on behalf of Advanced [Foundation] in furtherance of Advance's responsibilities under the Contract. Any conversations or representations between Marshall, Check, me, or anyone affiliated with Structural, on the one hand, and Plaintiff, on the other hand, were made on behalf of Advanced in furtherance of Advance's responsibilities under the Contract.

The affidavits of Marshall and Check echo Alcantara's assertion. Alcantara noted that she was "fully authorized to speak for Advanced [Foundation] and Structural [Repair] in" her affidavit.

We find *Hill v. Tx-An Anesthesia Management, LLP*, 443 S.W.3d 416, 425 (Tex. App.—Dallas 2014, no pet.), instructive. In *Hill*, an anesthesiologist was the sole member of a professional association. *Id.* at 419. The professional association was a partner with a practice management services company. *Id.* at 425. In the first lawsuit, the anesthesiologist individually asserted claims for breach of a partnership agreement and fiduciary duty against the practice management services company on behalf of the professional association. *Id.* Although the anesthesiologist nonsuited his claims, he continued to defend against the practice management services company's counter claim for breach of fiduciary duty. *Id.* In the second lawsuit, the anesthesiologist and the professional association sued the practice management services company

for breach of the same partnership agreement at issue in the first lawsuit. *Id*. The Third Court of Appeals recognized that "[p]rivity exists if the parties share an identity of interests in the basic legal right that is the subject of litigation." *Id*. (quoting *Truck Ins. Exchange v. Mid–Continent Cas. Co.*, 320 S.W.3d 613, 618 (Tex. App.—Austin 2010, no pet.)). It held that the professional association's interests could be represented by the anesthesiologist as evidenced by the first lawsuit, and the anesthesiologist and the professional association share an identity of interests in the basic legal rights that were the subject of litigation. *Id*.

Here, Alcantara noted that she was authorized to speak for both Advanced Foundation and Structural Repair. Her affidavit indicates that she knew the arbiter's award had been deducted from Advanced Foundation's bank account. Alcantara was the president of Structural Repair, the general partner of Advanced Foundation. Similarly, the other appellees — Marshall, Check, Bertelsen, Ellington, and McBride — were limited partners of Advanced Foundation. This evidence establishes that appellees shared an identity of interests in the basic legal rights that were the subject of the arbitration. *See id*.; *see also Amstadt*, 919 S.W.2d at 653.

Villanueva's brief does not challenge the third res judicata element. As detailed above, all the claims Villaneuva asserted in her fifth amended petition regarding the foundation repair work in her contract with Advanced Foundation — common law fraud, fraud by non-disclosure or omission, alleged DTPA violations, and negligent misrepresentation — were also asserted in the arbitration proceeding. Accordingly, appellees established the third res judicata element. *See Amstadt*, 919 S.W.2d at 652.

**D.      Sufficiency of Appellees' Motion for Summary Judgment**

Villaneuva filed a fifth amended petition seven days before appellees' motion for summary judgment was heard.  Rather than amend their summary judgment motion, appellees stood on their already filed motion.  Villaneuva acknowledges that an appellate court:

> may affirm the summary judgment if (1) the amended or supplemental petition essentially reiterates previously-pleaded causes of action, (2) a ground asserted in the summary-judgment motion conclusively negates a common element of the newly- and previously-pleaded claims, or (3) the original motion is broad enough to encompass the newly asserted claims.

*Peregrine Oil & Gas, LP v. HRB Oil & Gas, Ltd.*, No. 01-17-00180-CV, 2018 WL 4137026, at *5 (Tex. App.—Houston [1st Dist.] Aug. 30, 2018, pet. denied).  Nevertheless, she argues that her fifth amended petition "amplified the allegations against" appellees and that it rendered appellees' pending motion for summary judgment insufficient.  Appellees argue that, aside from a request to pierce the corporate veil, Villaneuva's fifth amended petition asserted no new claims.

In *Keyes v. Weller*, referenced by appellees, the Texas Supreme Court held that "[a] veil-piercing doctrine is not a substantive cause of action but 'a method to impose personal liability on shareholders and corporate officers who would otherwise be shielded from liability for corporate debts.'"  692 S.W.3d 274, 278 (Tex. 2024), (quoting *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1035 (5th Cir. 2010)).  We hold that Villaneuva's fifth amended petition reiterated her previously pleaded claims, and that her request to pierce the corporate veil did not constitute a new claim so as to have precluded the trial court from considering appellees' motion to summary judgment.

We overrule Villanueva's two issues.[1]

### III. Conclusion

We affirm the judgment of the trial court.

Rebeca C. Martinez, Chief Justice

---

[1] Because of our disposition on appellees' res judicata ground, we need not consider the other grounds asserted by appellees in their motion for summary judgment. *See Garcia v. Garza*, 311 S.W.3d 28, 35–36 (Tex. App.—San Antonio 2010, pet. denied) (citing *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989)) ("When the order granting summary judgment does not specify the particular grounds the trial court sustained, the appellate court must uphold the summary judgment on any ground asserted by the movant that is supported by the evidence and pleadings.").